IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Lynn Wiley,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Financial Asset Management Systems, Inc.,<br><br>　　　　　Defendant. | Civil Action No.: 2:13-cv-11779<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Lynn Wiley, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Lynn Wiley ("Plaintiff"), is an adult individual residing in Novi, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Financial Asset Management Systems, Inc. ("Financial Asset"), is a Georgia business entity with an address of 1967 Lakeside Parkway, Suite 402, Tucker, Georgia 30084, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Financial Asset at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6. Plaintiff allegedly incurred a financial obligation in the approximate amount of $12,000.00 (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Financial Asset for collection, or Financial Asset was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Financial Asset Engages in Harassment and Abusive Tactics**

10. Within the last year, Defendant contacted Plaintiff in an attempt to collect the Debt.

11. During each and every telephone call with Defendant, Plaintiff explained that she was unable to pay the Debt due to financial hardship.

12. Nonetheless, Defendant continued to place up to two calls per day to Plaintiff in an attempt to harass her.

13. Defendant also demanded that Plaintiff provide three additional contacts and their addresses in case Defendant could not get in touch with Plaintiff.

14. Plaintiff interpreted Defendant's demand as a threat to contact third parties regarding Plaintiff's Debt, which caused Plaintiff stress and anxiety.

C. **Plaintiff Suffered Actual Damages**

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

16. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

20. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for Plaintiff;

5. Punitive damages against Defendant; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 19, 2013

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Lynn Wiley
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com